<u>SETTLEMENT AGREEMENT</u>

This Settlement Agreement ("Agreement") is entered into by and between the United States of America, acting through the United States Department of Justice and on behalf of the Federal Communications Commission ("FCC") (collectively, the "United States"), and Larry Lehmann ("Lehmann") (the United States and Lehmann are collectively referred to as "the Parties"), through their authorized representatives.

<u>RECITALS</u>

A.     Lehmann functioned as the CEO and managing partner of Acclaim Computer Services, Ltd., d/b/a Acclaim Professional Services ("Acclaim"), which was a company headquartered at 11500 Northwest Freeway, Suite 320, Houston, TX 77092.  From 2002 to 2007, Acclaim and its successor company, Ascend Services, Ltd. ("Ascend"), were part of a cooperative of companies that provided telecommunications equipment and services to the Houston Independent School District ("HISD") through the FCC's Schools and Libraries Universal Service Program, which is commonly known as "the E-rate Program."

B.     On November 14, 2005, Relators Dave Richardson and Dave Gillis ("the Relators") filed a *qui tam* action in the United States District Court for the Southern District of Texas captioned *United States ex rel. Dave Richardson and Dave Gillis v. Analytical Computer Services, Inc.; Advanced Technological Solutions South, Inc.; Communications Supply Corporation; Hewlett-Packard Company; Hill Professional Services, LLC; Internetwork Experts, Inc.; Novell, Inc.; Technology Cabling Solutions, Inc.; Avizon Technologies Group, Inc.; Ruben Bouchet; and Acclaim Professional Services, Inc.*, No. H-05-3836 (S.D. Tex.), pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b).  The United States intervened in the *qui tam* action on November 3, 2010 pursuant to its authority under 31

U.S.C. § 3730(b), and filed its complaint-in-intervention on December 22, 2010, styled *United States ex rel. Dave Richardson and Dave Gillis v. Southwest Analytical Computer Services, LTD d/b/a/ Analytical Computer Services and Larry Lehmann*, No. H-05-3836 (S.D. Tex.).   The United States filed an amended complaint on October 29, 2012, which shall be referred to herein as the "Civil Action."

C.      The United States contends that it has certain civil claims against Lehmann arising from his conduct during the period from 2002 through 2007.  Specifically, the United States contends that Lehmann provided or authorized the provision of sporting event and entertainment tickets to HISD board members and employees, made personal loans totaling $66,750 to an HISD employee, and assisted in deceiving the E-rate Program into paying the labor costs of HISD personnel who were outsourced to Acclaim but still functioned as HISD employees.  The United States contends that the tickets and loans caused violations of HISD's conflict of interest and procurement rules and caused HISD to make false certifications of compliance with these rules on the following FCC Form 471 applications: No. 367296, No. 377451, No. 398827, No. 464784, No. 445108, No. 492617, No. 493110, No. 507018, and No. 501292.  The United States contends that these false certifications rendered false all resulting claims for E-rate Program funds.  The United States also contends that the HISD employee scheme resulted in false claims to the E-rate Program for salaries that were not eligible for E-rate Program funding.  All of the foregoing conduct shall be referred to herein as the "Covered Conduct."

D.      This Agreement is made in compromise of disputed claims and is neither an admission of liability by Lehmann nor a concession by the United States that its claims are not well founded.

E.     To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

<u>TERMS AND CONDITIONS</u>

1.     Lehmann shall pay to the United States $400,000 ("Settlement Amount") by electronic funds transfer pursuant to written instructions to be provided by the Civil Division of the United States Department of Justice.  Lehmann shall pay the Settlement Amount to the United States by no later than August 2, 2013.

2.     Subject to the exceptions in Paragraph 3 (concerning excluded claims) below, and conditioned upon Lehmann's full payment of the Settlement Amount and compliance with the terms of this Settlement Agreement, the United States releases Lehmann from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; or the common law theories of breach of contract, payment by mistake, unjust enrichment, and fraud.

3.     Notwithstanding the releases given in Paragraph 2 of this Agreement, or any other term of this Agreement, the following claims of the United States are specifically reserved and are not released:

(A)     Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

(B)     Any criminal liability;

(C)     Except as explicitly stated in the Agreement, any administrative liability;

(D)     Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct; and

(E)     Any liability based upon obligations created by this Agreement.

4.     Lehmann has provided sworn financial disclosure statements ("Financial Statements") to the United States and the United States has relied on the accuracy and completeness of those Financial Statements in reaching this Agreement.  Lehmann warrants that the Financial Statements are complete, accurate, and current.  If the United States learns of an asset or assets in which Lehmann had an interest at the time of this Agreement that were not disclosed in the Financial Statements, or if the United States learns of any misrepresentation by Lehmann in, or in connection with, the Financial Statements, and if such nondisclosure or misrepresentation is material, which is defined as changing the estimated net worth set forth in the Financial Statements by $50,000 or more, the United States may at its option: (a) rescind this Agreement and reinstate its suit based on the Covered Conduct, or (b) let the Agreement stand and collect the full Settlement Amount plus one hundred percent (100%) of Lehmann's net worth that was previously undisclosed.  Lehmann agrees not to contest any collection action undertaken by the United States pursuant to this provision, and immediately pay the United States all reasonable costs incurred in such an action, including attorney's fees and expenses.

5.     In the event that the United States, pursuant to Paragraph 4 (concerning disclosure of assets), above, opts to rescind this Agreement, Lehmann agrees not to plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any civil or administrative claims that (a) are filed by the United States within 60 calendar days of written notification to Lehmann that this Agreement has been rescinded, and (b) relate to the Covered Conduct, except to the extent these defenses were available on December 22, 2010.

6.     Lehmann waives and shall not assert any defenses he may have to any criminal

prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action. Nothing in this paragraph or any other provision of this Agreement constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

7.      Lehmann fully and finally releases the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Lehmann has asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct and the United States' investigation and prosecution of it.  If, however, the United States rescinds this Agreement pursuant to Paragraph 4, Lehmann withdraws his release provided under this Agreement.

8.      Lehmann agrees to the following:

a.      Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of Lehmann and/or his employees or agents in connection with:

(1)      the matters covered by this Agreement;

(2)      the United States' audit(s) and civil and any criminal investigation(s) of the matters covered by this Agreement;

(3)      Lehmann's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil and any criminal investigation(s)

5

in connection with the matters covered by this Agreement (including attorney's fees);

(4)     the negotiation and performance of this Agreement; and

(5)     the payment Lehmann makes to the United States pursuant to this Agreement and any payments that Lehmann may make to the Relators, including costs and attorney's fees,

are unallowable costs for government contracting purposes (hereinafter referred to as Unallowable Costs).

b.     Future Treatment of Unallowable Costs:  Unallowable Costs will be separately determined and accounted for by Lehmann, and Lehmann shall not charge such Unallowable Costs directly or indirectly to any contract with the United States.

c.     Treatment of Unallowable Costs Previously Submitted For Payment: Within 90 days of the Effective Date of this Agreement, Lehmann shall identify and repay by adjustment to future claims for payment or otherwise any Unallowable Costs included in payments previously sought by Lehmann, Acclaim, or Ascend from the United States.  Lehmann agrees that the United States, at a minimum, shall be entitled to recoup from Lehmann any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted requests for payment.

d.     The United States, including the Department of Justice and/or the affected agencies, reserves its rights to audit, examine, or re-examine Lehmann's, Acclaim's, or Ascend's books and records and to disagree with any calculations submitted by Lehmann, Acclaim, or Ascend regarding any Unallowable Costs included in payments previously sought by Lehmann, or the effect of any such Unallowable Costs on the amount of such payments.

6

9.      Lehmann agrees not to seek any future contracts with the E-rate Program and agrees to execute the Voluntary Debarment Agreement, attached hereto as Exhibit A, contemporaneously with this Settlement Agreement.

10.     Lehmann agrees to cooperate fully and truthfully with the United States' investigation of individuals and entities not released in this Agreement.  Upon reasonable notice, Lehmann shall encourage, and agrees not to impair, the cooperation of former Acclaim and Ascend directors, officers, and employees for interviews and testimony, consistent with the rights and privileges of such individuals.  Lehmann further agrees to furnish to the United States, upon request, complete and un-redacted copies of all non-privileged documents, reports, memoranda of interviews, and records in his possession, custody, or control concerning any investigation of the Covered Conduct that he has undertaken, or that has been performed by another on his behalf.

11.     This Agreement is intended to be for the benefit of the Parties only.

12.     Upon the Effective Date of this Agreement, the Parties shall promptly notify the Court and file a Joint Stipulation of Dismissal, pursuant to Federal Rule of Civil Procedure 41(a)(1), as set forth in Exhibit B.

13.     Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

14.     Each Party and signatory to this Agreement represents that it freely and voluntarily enters into this Agreement without any degree of duress or compulsion.

15.     This Agreement is governed by the laws of the United States.  The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Southern District of Texas.  For purposes of construing this Agreement, this

7

Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

16.     This Agreement constitutes the complete agreement between the Parties.  This Agreement may not be amended except by written consent of the Parties.

17.     The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

18.     This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

19.     This Agreement is binding on Lehmann's successors, transferees, heirs, and assigns.

20.     All parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

21.     This Agreement is effective on the date of signature of the last signatory to the Agreement ("Effective Date of this Agreement").  Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

THE UNITED STATES OF AMERICA

Dated:  July 31, 2013         By:  _____
                                   Jennifer Chorpening
                                   Benjamin Young
                                   Trial Attorneys
                                   Commercial Litigation Branch
                                   Civil Division
                                   United States Department of Justice

LARRY LEHMANN – DEFENDANT

Dated: JULY 31, 2013        By:  _____
                                 Larry Lehmann

Dated:  7/31/13             By:  _____
                                 Anthony Laporte
                                 Counsel for Larry Lehmann

9

**EXHIBIT A**

## VOLUNTARY DEBARMENT AGREEMENT

In accordance with the terms set forth in Paragraph 9 of the Civil Settlement Agreement ("Civil Settlement"), I, Larry Lehmann, currently residing at 931 Acorn Street, Giddings, TX 78942, and who is or was employed at Acclaim Professional Services from 2002-2007, agrees to voluntary debarment from the E-rate Program ("Voluntary Debarment Agreement") as follows:

1.      Larry Lehmann agrees that, as of the Effective Date of this Voluntary Debarment Agreement and for ten (10) calendar years thereafter, he will not participate directly or indirectly in any contracts or subcontracts funded in any part through the E-rate Program or in any E-rate related activities no matter how denominated on his own behalf on behalf of any E-rate applicant, vendor or other beneficiary (generally, "E-rate Program-Related Activities").[1]

2.      Larry Lehmann understands if he, individually or through any other business entity, violates the non-participation commitment set forth in Paragraph 1 – whether knowingly, inadvertently, or otherwise – then neither the Federal Communications Commission ("FCC") nor the Universal Service Administrative Company ("USAC") shall be obligated to make any payments in connection with any such contract or participation, and any funds he or an associated business entity may receive for or in connection with any such contract or participation shall be subject to recovery by USAC and the FCC, and if such funds are not repaid, they shall be considered a debt owed to the FCC by the recipient.

3.      Larry Lehmann acknowledges and agrees that the FCC has jurisdiction over the Universal Service Fund, including the E-rate Program, and may suspend and debar individuals or entities from future participation in the E-rate Program as set forth in the Commission's rules.  *See* 47 C.F.R. § 54.8.  This Voluntary Debarment Agreement shall be treated as voluntary debarment and suspension from the E-rate Program.  Further, Lehmann agrees that his commitment not to participate in the E-rate Program will be a matter of public record and his name will be listed on the FCC's online registry of Universal Service Fund Suspension and Debarment Actions and on USAC's online list of debarred persons.  Lehmann agrees that he will not challenge this disqualification or its publication on the FCC and USAC websites.

---

[1] E-rate Program Activities also includes, but is not limited to, direct or indirect participation in (i) activities related to the E-rate Program application process; (ii) the submission of any inquiries, requests, bids, or responses to Requests for Proposals; (iii) the preparation of any Request for Proposal; (iv) the review of bid submissions and the award of any contract for E-rate goods and services; (v) the preparation or submission of any E-rate Program form; (vi) the preparation or processing of any invoice or other request for payment for any services and/or equipment to be funded, in whole or in part, through the E-rate Program; (vii) the negotiation of any contract for any services and/or equipment to be funded, in whole or in part, through the E-rate Program; (viii) the provision of, or any offer to provide, E-rate consulting services, or advice to any E-rate Program participant on E-rate related matters; and (ix) any other activities that relate to the E-rate Program no matter how denominated.

4.      Larry Lehmann acknowledges that any violation of the terms of this Voluntary Debarment Agreement may also subject him to enforcement action, at the sole discretion of the United States, including the FCC.

5.      Larry Lehmann further agrees to Voluntary Exclusion under 2 C.F.R. § 180 et seq.  Larry Lehmann understands that this Voluntary Exclusion has governmentwide effect and acknowledges that as a result of this voluntary exclusion his name will be listed on the System for Awards Management's ("SAM's") Excluded Parties List System ("EPLS") for the duration of the debarment period.  Larry Lehmann agrees that this Voluntary Debarment Agreement creates a valid and binding obligation and expressly waives all defenses or objections, if any, to any debarment actions taken against him by any federal agency based on the conduct described in the Civil Settlement.

6.      Larry Lehmann agrees that following the expiration of the non-participation commitment described in Paragraph 1 of this Voluntary Debarment Agreement, if he, either individually or through any other business entity, seeks to participate in any way whatsoever in the E-rate Program, including but not limited to acting as a service provider or consultant, or assisting an applicant by submitting any part of an E-rate application or providing advice on any part of an E-rate application, he will give prior written notice to USAC, including a disclosure of the names of any such business entity or entities and a reference to this Voluntary Debarment Agreement and its corresponding Civil Settlement.  Such notice shall be sent to USAC's General Counsel and to USAC's Vice President for Schools and Libraries at the following address:

> Universal Service Administrative Company
> 2000 L Street, NW
> Suite 200
> Washington, DC 20036

7.      Larry Lehmann agrees that the Civil Settlement satisfies the requirements of the citation provision under subsection 503(b)(5)(A)-(B) of the Communications Act of 1934, as amended, 47 U.S.C. § 503(b)(5)(4), such that the FCC may issue a Notice of Apparent Liability against Larry Lehmann pursuant to 47 U.S.C. § 503(b)(4) if, after the Effective Date of this Civil Settlement, Larry Lehmann engages in conduct of the type described as the Covered Conduct in Paragraph C of the Civil Settlement.

8.      Nothing in this Voluntary Debarment Agreement constitutes or represents a determination by the FCC or the United States Department of Justice regarding compliance with the requirements of the Communications Act of 1934, as amended, or the Commission's rules and orders.

9.      Without making any factual admission or admissions of liability, I, Larry
        Lehmann consent to the disclosure of this Voluntary Debarment Agreement, and
        information about this Voluntary Debarment Agreement, to the public.


Dated: 7/31/13                              Larry Lehmann

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* | § | |
| DAVE RICHARDSON and DAVE GILLIS, | § | |
| | § | CIVIL ACTION NO. 4:05-cv-3836 |
| Plaintiffs, | § | |
| | § | District Judge Kenneth M. Hoyt |
| v. | § | |
| | § | |
| LARRY LEHMANN, | § | |
| | § | |
| | § | |
| Defendant. | § | |
| | § | |

## JOINT STIPULATION OF DISMISSAL

Pursuant to Federal Rule of Civil Procedure 41(a) and the False Claims Act, 31 U.S.C.

§ 3730(b)(1), Plaintiff United States of America, Relators Dave Richardson and Dave Gillis, and

Defendant Larry Lehmann, through their undersigned attorneys, hereby jointly request the

dismissal of the above-captioned action.  Mr. Lehmann is the last remaining defendant in the

matter.

It is hereby stipulated and agreed that the parties have negotiated a settlement in this case,

which took effect on July 31, 2013 and is attached as Exhibit A.  Accordingly, the parties

stipulate to the entry of the attached order dismissing all remaining claims in this action with

prejudice to the Relators and dismissing all claims concerning the Covered Conduct, as defined

in Paragraph C of the Settlement Agreement, with prejudice to the United States.  The dismissal

shall be without prejudice to the United States as to all other allegations.

Relators stipulate that the settlement agreement is fair, adequate, and reasonable and that

they are not entitled to a share of the settlement amount and agree not to challenge the settlement

pursuant to 31 U.S.C. § 3730(c)(2)(B).  Moreover, the United States, the Relators, and Mr. Lehmann shall bear their own costs, fees, and expenses.

    The undersigned parties, therefore, respectfully request that the Court enter the attached, proposed order.

                                          Respectfully submitted,

                                          **On Behalf of the United States**

                                          STUART F. DELERY
                                          Acting Assistant Attorney General

Dated: July 31, 2013

                                          MICHAEL D. GRANSTON
                                          PATRICIA L. HANOWER
                                          JENNIFER CHORPENING
                                          BENJAMIN YOUNG
                                          Attorneys, Civil Division
                                          Commercial Litigation Branch
                                          PO Box 261, Ben Franklin Station
                                          Washington, D.C. 20044


                                          **On Behalf of the Relators:**

Dated: 7/30/13

                                          JAMES L. REED
                                          Looper Reed & McGraw
                                          1300 Post Oak Blvd., Suite 2000
                                          Houston, Texas 77056


                                          **On Behalf of Larry Lehmann:**

Dated:

                                          ANTHONY L. LAPORTE
                                          Hanszen Laporte, LLP
                                          11767 Katy Freeway, Suite 850
                                          Houston, Texas 77079

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* | § | |
| DAVE RICHARDSON and DAVE GILLIS, | § | |
| | § | CIVIL ACTION NO. 4:05-cv-3836 |
| Plaintiffs, | § | |
| | § | District Judge Kenneth M. Hoyt |
| v. | § | |
| | § | |
| LARRY LEHMANN, | § | |
| | § | |
| | § | |
| Defendant. | § | |
| | § | |

## **ORDER**

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the False Claims Act, 31 U.S.C. § 3730(b)(1), Plaintiff United States of America, Relators Dave Richardson and Dave Gillis, and Defendant Larry Lehmann have filed a Joint Stipulation of Dismissal.

Upon consideration of the Stipulation, it is hereby ORDERED that:

1. All remaining claims in this action are dismissed with prejudice to the Relators;

2. All claims in this action asserted by the United States concerning the Covered Conduct, as defined in Paragraph C of the Settlement Agreement, are dismissed with prejudice to the United States;

3. All other claims are dismissed without prejudice to the United States; and

4. All parties in this case shall bear their own costs, fees, and expenses.

Dated: _____, 2013          _____

                                        Kenneth M. Hoyt
                                        United States District Judge